Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VI**

| | | |
|---|---|---|
| Asociación de Maestros de Puerto Rico-Local Sindical<br><br>Recurrente<br><br>vs.<br><br>Departamento de Educación<br><br>Recurrido | TA2025RA00425 | **REVISIÓN ADMINISTRATIVA** procedente de la Comisión Apelativa del Servicio Público<br><br>Caso Núm.:<br>CA-19-000011<br>D-25-024 |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de enero de 2026.

Comparece la Asociación de Maestros de Puerto Rico (Asociación de Maestros o parte recurrente), quien nos solicita la revocación de la Resolución emitida el 31 de octubre de 2025[1], por la Comisión Apelativa del Servicio Público (CASP o agencia). Mediante el referido dictamen, la agencia desestimó el caso CA-19-11, toda vez que la parte recurrente incumplió dos órdenes notificadas el 9 de mayo y el 6 de agosto de 2025.

Examinada la solicitud de autos, la totalidad del expediente y el derecho aplicable, revocamos el dictamen recurrido, por los fundamentos que expondremos a continuación.

**I.**

El 25 de marzo de 2019, la Asociación de Maestros radicó un Cargo de Práctica Ilícita en contra del Departamento de Educación de Puerto Rico (Departamento de Educación) por alegada violación a los términos de los convenios colectivos. Tras investigar su

---
[1] Notificada en igual fecha.

reclamación, el 30 de agosto de 2022, la CASP, en virtud de sus facultades, presentó una Querella en contra del Departamento de Educación, acompañada de un Aviso de Audiencia.[2] En síntesis, la agencia recurrida relató que la superintendente regional de Ponce se comunicó con la Sra. Rivera Estrella, representante sindical de EDUCAMOS, para dialogar sobre un asunto referente al traslado excepcional del miembro de la Unidad Apropiada. En vista de ello, sostuvo que el Departamento de Educación incurrió en la violación del convenio colectivo.

Ante tales alegaciones, el 3 de octubre de 2022, el Departamento de Educación presentó la Contestación a la Querella, en la cual arguyó que EDUCAMOS no estuvo presente en el proceso de traslado de la docente. Ello, pues, según su postura, dicha organización magisterial no puede intervenir en la administración del convenio. Especificó que, la parte representada por la organización mencionada ya no es empleada del Departamento de Educación. Así argumentado, razonó que la reclamación instada se tornó académica, por lo que, procede su desestimación.

A raíz de ello, el 6 de mayo de 2025, la CASP emitió una Orden[3], en la cual tomó conocimiento de la Contestación a la Querella presentada el 3 de octubre de 2022. Consecuentemente, decretó que la Asociación de Maestros replicara la desestimación solicitada por dicha parte. Luego, 4 de agosto de 2025, dicha agencia dictó una Orden[4] en la cual nuevamente le concedió 20 días calendarios a la parte recurrente para mostrar causa por la cual no se debe desestimar la Querella ante su incumplimiento de

---

[2] Según notificado, el 27 de septiembre de 2022, la CASP celebró una vista sobre el estado de los procedimientos, a la cual comparecieron los representantes legales de las partes. Surge del expediente ante nos que, la representación legal del Departamento de Educación solicitó la concesión de un término de 20 días para presentar la Contestación a la Querella. Atendida su petición, el oficial examinador le otorgó un término adicional para presentar su escrito.

[3] Notificada el 9 de mayo de 2025.

[4] Notificada el 6 de agosto de 2025.

la Orden emitida el 6 de mayo de 2025. A raíz de su inobservancia, el 28 de agosto de 2025, se rindió el Informe del Oficial Examinador[5] ante la agencia, mediante el cual recomendó el cierre y el archivo de la Querella.

No obstante, el 26 de septiembre de 2025, la Asociación de Maestros sometió una Moción para Unirse a la Representación Legal y Alegato en Oposición al Informe del Oficial Examinador. En esencia, arguyó que no procede la drástica medida de desestimación de la Querella. Sostuvo que, primero corresponde emitir una orden de mostrar causa por la cual no imponer una sanción económica en contra de sus representantes legales. Puntualizó que, si se incumple con tal decreto, entonces la agencia ostenta la facultad para imponer una sanción económica como alternativa primera. Con el fin de respaldar su posición, adujo que la desestimación solo procede como sanción drástica.[6]

Evaluado el tracto procesal del caso, 31 de octubre de 2025, la CASP emitió una Resolución[7], en la cual acogió el Informe del Oficial Examinador. Consecuentemente, procedió a ordenar el cierre y archivo de la Querella, por el incumplimiento de las órdenes notificadas el 9 de mayo y el 6 de agosto de 2025.

Oportunamente, el 20 de noviembre de 2025, la Asociación de Maestros presentó una Solicitud de Reconsideración. Insistió en que la desestimación es la sanción más severa en nuestro ordenamiento jurídico. Por ende, argumentó que la agencia recurrida violentó sus garantías procesales al decretar tal medida, a pesar de haber cumplido con las órdenes emitidas. Resaltó que

---

[5] Notificado el 29 de agosto de 2025.

[6] Con posterioridad, el 8 de octubre de 2025, la parte recurrente interpuso una Oposición a Moción de Desestimación, en la cual expuso que tampoco corresponde la desestimación al amparo del argumento de academicidad levantado por el Departamento de Educación. Planteó que existe una controversia vigente en torno a la violación del convenio, y además, esta es susceptible de volver a ocurrir.

[7] Notificada en igual fecha.

se ha mantenido continuamente investigando su caso y ha ponderado los decretos dictados por el foro administrativo.

Tras examinar sus argumentos, el 4 de diciembre de 2025, la CASP dictó una Resolución[8] en la cual declaró No Ha Lugar la reconsideración peticionada. Reiteró que la parte recurrente cumplió tardíamente con las órdenes notificadas el 9 de mayo y 6 de agosto del 2025.

Inconforme, el 30 de diciembre de 2025, la Asociación de Maestros recurrió ante nos mediante una Petición de Revisión de Decisión Administrativa, en la cual esbozó los siguientes señalamientos de error:

> *Erró la Comisión Apelativa del Servicio Público (CASP) al desestimar el caso sin antes aplicar una sanción económica a la parte recurrente.*
>
> *Erró la Comisión Apelativa del Servicio Público (CASP) al aplicar la sanción más severa de la desestimación del caso la cual tiene la consecuencia de privar a la parte recurrente de su día en corte.*

El 13 de enero de 2026, emitimos una Resolución, en la cual concedimos hasta el 23 de enero de 2026 para exponer su posición. Dentro del término establecido, el Departamento de Educación, representado por la Oficina del Procurador General de Puerto Rico (Procurador General), presentó su Escrito de Cumplimiento de Orden.

Con el beneficio de la comparecencia de las partes, procedemos a discutir el marco legal pertinente a la controversia ante nuestra consideración.

## II.

### A.

Es norma reiterada que, los tribunales revisores estamos llamados a conceder deferencia a las decisiones de las agencias, pues estas poseen la experiencia y el conocimiento especializado

---

[8] Notificada en igual fecha.

sobre los asuntos que se les han delegado. *Katirias's Café v. Mun. de San Juan,* 2025 TSPR 33, 215 DPR ___ (2025); *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35 (2018). Por tal motivo, las determinaciones administrativas están revestidas de presunción de legalidad y corrección. *Capó Cruz v. Jta. Planificación et al.,* 204 DPR 581, 591 (2020); *García Reyes v. Cruz Auto Corp.,* 173 DPR 870, 892 (2008). Así que, solo es posible sustituir "el criterio de la agencia por el del tribunal revisor cuando no exista una base racional para explicar la decisión administrativa". *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* 213 DPR 743, 754 (2024); *Capó Cruz v. Jta. Planificación et al., supra,* a la pág. 591.

En virtud de ello, los tribunales revisores no debemos intervenir en las determinaciones de hechos siempre y cuando surja del expediente administrativo evidencia sustancial que las respalde. *The Sembler Co. v. Mun. De Carolina,* 185 DPR 800, 821-822 (2012). De acuerdo con la normativa vigente, "la evidencia sustancial es aquella prueba relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Capó Cruz v. Jta. Planificación et al., supra,* a la pág. 591; *Rebollo v. Yiyi Motors,* 161 DPR 69, 76-77 (2004). Por ende, si en la solicitud de revisión la parte afectada no demuestra la existencia de otra prueba, entonces las determinaciones de hechos deben ser sostenidas por este tribunal revisor. *Domínguez v. Caguas Expressway Motors, Inc.,* 148 DPR 387, 398 (1999).

En cambio, respecto a las conclusiones de derecho, tenemos autoridad para revisarlas en todos sus aspectos de acuerdo con la Sección 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9675. Es decir, estamos facultados para revisarlas completa y absolutamente. *IFCO Recyclint v. Aut. Desp. Sólidos,* 184 DPR 712, 745 (2012); *Assoc. Ins. Agencies, Inc. v.*

*Com. Seg. P.R.*, 144 DPR 425, 436 (1997). Así, pues, no podemos imprimir un sello de corrección a aquellas determinaciones o interpretaciones administrativas irrazonables, ilegales o contrarias a derecho. *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021); *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 127 (2019).

Ahora bien, tal facultad no implica "la sustitución automática del criterio e interpretación del organismo administrativo". *Capó Cruz v. Jta. Planificación et al., supra,* a la pág. 591; *Rebollo v. Yiyi Motors, supra* a la pág. 77. Nuestra deferencia cede en limitadas circunstancias, entre ellas, cuando: (1) la decisión no está basada en evidencia sustancial; (2) el organismo administrativo ha errado en la aplicación o la interpretación de las leyes o reglamentos; (3) ha mediado una actuación arbitraria, irrazonable o ilegal, o (4) la actuación administrativa lesiona derechos constitucionales fundamentales. V*oilí Voilá Corp. et al. v. Mun. Guaynabo, supra* a las págs. 754-755; *Super Asphalt v. AFI y otro, supra*, a la pág. 819.

**B.**

En nuestro ordenamiento jurídico, los foros adjudicativos gozan de autoridad para imponer una serie de sanciones contra aquella parte que incumpla una orden. Véanse, *Mitsubishi Motor v. Lunor y otros*, 212 DPR 807, 818 (2023); *HRS Erase v. CMT,* 205 DPR 689, 700 (2020). Estos ostentan el poder discrecional bajo las Reglas de Procedimiento Civil de desestimar una demanda o eliminar las alegaciones de una parte, sin embargo, tal proceder debe ejercerse juiciosa y apropiadamente. *Maldonado v. Srio. de Rec. Naturales*, 113 DPR 494, 498 (1982). Esta facultad procura desalentar la falta de diligencia e incumplimiento mediante una intervención efectiva, pronta y oportuna. *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 298 (2012); *Dávila v. Hosp. San Miguel, Inc.*, 117 DPR 807, 819 (1986).

De conformidad con lo discutido, la Sec. 3.21 de la Ley de Procedimiento Uniforme Administrativo, Ley Núm. 38-2017, 3 LPRA sec. 9661 (LPAU), establece que las agencias tienen facultad para imponer sanciones directamente contra el abogado de la parte promovente:

> *La agencia podrá imponer sanciones, en su función cuasijudicial, en los siguientes casos: (a) Si el promovente de una acción, o el promovido por ella, dejare de cumplir con las reglas y reglamentos o con cualquier orden del jefe de la agencia, del juez administrativo o del oficial examinador, la agencia a iniciativa propia o a instancia de parte podrá ordenarle que muestre causa por la cual no deba imponérsele una sanción. La orden informará de las reglas, reglamentos u órdenes con las cuales no se haya cumplido, y se concederá un término de veinte (20) días, contados a partir de la fecha de notificación de la orden, para la mostración de causa.* ***De no cumplirse con esa orden, o de determinarse que no hubo causa que justificare el incumplimiento, entonces se podrá imponer una sanción económica a favor de la agencia o de cualquier parte, que no excederá de doscientos (200) dólares por cada imposición separada, a la parte o a su abogado, si este último es el responsable del incumplimiento****.*
>
> ***(b) Ordenar la desestimación de la acción en el caso del promovente, o eliminar las alegaciones en el caso del promovido, si después de haber impuesto sanciones económicas y de haberlas notificado a la parte correspondiente, dicha parte continúa en su incumplimiento de las órdenes de la agencia.***
>
> ***(c) Imponer costas y honorarios de abogados, en los mismos casos que dispone la Regla 44 de Procedimiento Civil, según enmendada.*** (Énfasis nuestro).

En armonía con lo anterior, la CASP adoptó el Reglamento Procesal de la Comisión Apelativa del Servicio Público, Reglamento 9697, 19 de septiembre de 2025 (Reglamento de la CASP o Reglamento 9697).[9] Al igual que la precitada legislación, este cuerpo reglamentario permite la imposición de sanciones económicas:

---

[9] El Art. 9.3 del Reglamento 9697, *supra*, a la pág. 154, dispone que este texto reglamentario entró en vigor 30 días después de su aprobación. Así establecido, puntualizamos que, al momento en que la agencia emitió la Resolución impugnada, dicho cuerpo legal se encontraba vigente. Por lo que, no existe impedimento legal para aplicar al caso de marras las garantías procesales reconocidas en el mismo.

> ***2. En los procedimientos de práctica ilícita bajo la Ley 45-1998, la Comisión y sus Oficiales podrán imponer una sanción económica consistente en una multa diaria no menor de quinientos dólares ($500), ni mayor de diez mil dólares ($10,000), a cualquier agenda, organización obrera, representante exclusivo o persona que:***
>
> *a.* ***Desobedezca,*** *evite, obstruya o impida la ejecución de alguna citación u* ***orden de la Comisión.*** Art. 2.19(2)(a), Reglamento de la CASP, *supra*, a la pág. 40. (Énfasis nuestro).

De no resultar este procedimiento, entonces la agencia goza de autoridad legal para decretar desestimación, según establece el inciso (3) del Art. 2.23 del Reglamento de la CASP, *supra*, a la pág. 43:

> ***3. Cuando la parte promovente incumpla injustificadamente una orden de la Comisión sus Oficiales o el Secretario, luego de que se ordenare que muestre causa por la cual no deba imponérsele una sanción, y luego de habérsele impuesto una sanción económica por incumplimiento de orden.*** (Énfasis nuestro).

De manera similar, la Regla 39.2(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2(a), instaura el siguiente procedimiento en atención al incumplimiento de orden:

> *(a) Si la parte demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud de la parte demandada podrá decretar la desestimación del pleito o de cualquier reclamación contra esta o la eliminación de las alegaciones, según corresponda.*
>
> ***Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en***

***ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.*** (Énfasis nuestro).

De acuerdo con el estado de derecho vigente, previo a optar por la desestimación, el ente adjudicador tiene que apercibir de la situación a la representación legal de la parte y concederle la oportunidad para responder. Véase *Mitsubishi Motor v. Lunor y otros, supra*, a la pág. 820. Es decir, una vez se plantea una situación que amerite la imposición de sanciones, se debe amonestar primeramente al abogado de la parte. *Mejías et al. v. Carrasquillo et al., supra*, a la pág. 297. No obstante, "[s]i la representación legal persiste en su incumplimiento, el tribunal deberá notificar directamente a la parte afectada de la situación y apercibirle de las consecuencias de ello". *HRS Erase v. CMT, supra*, a la pág. 702. Si la acción disciplinaria no produce efectos positivos, entonces procede la desestimación de la demanda o la eliminación de las alegaciones, siempre y cuando la parte haya sido debidamente informada y apercibida de las consecuencias que acarrea el incumplimiento. *Mejías et al. v. Carrasquillo et al.*, supra, a la pág. 297; *Mun. de Arecibo v. Almac. Yakima*, 154 DPR 217, 223 (2001).

Tal procedimiento responde a "que sanciones como la desestimación de un pleito o la eliminación de las alegaciones son medidas drásticas que chocan con nuestra política pública a favor de que los casos se ventilen en sus méritos". *HRS Erase v. CMT, supra*, a la pág. 701. A la luz de este marco legal, un foro adjudicador no podrá imponer sanciones drásticas cuando la parte que ejercita su derecho en corte no está informada de los trámites rutinarios. *Dávila v. Hosp. San Miguel, Inc., supra*, a la pág. 814 (1986); *Ramírez de Arellano v. Srio. de Hacienda*, 85 DPR 823, 830 (1962). Ello, pues "no toda actitud o posición que asuma el abogado en el curso del trámite debe perjudicar de inmediato al

ciudadano que litiga en el sentido de privarle de la adjudicación en los méritos sus derechos". *Ramírez de Arellano v. Srio. de Hacienda, supra.*

**III.**

En el recurso de epígrafe, la Asociación de Maestros señala que la CASP erró al desestimar su reclamación sin considerar, como primera alternativa, la imposición de una sanción económica. Argumenta que, la agencia recurrida debió requerirle mostrar causa por la cual no se le debe imponer una sanción económica, previo a decretar la sanción drástica de la desestimación. Por tanto, nos solicita que revoquemos el dictamen recurrido.

Por su parte, el Departamento de Educación, por conducto del Procurador General, aduce que, la CASP concedió un periodo amplio para que la parte recurrente mostrara causa por la cual no desestimar su caso. No obstante, sostiene que la Asociación de Maestros respondió a tal orden tardíamente y sin brindar una justificación adecuada. Ahora bien, en un ejercicio de honestidad intelectual reconoce que existe "un orden de prelación de sanciones previo a la desestimación total de un caso, la cual no se obedeció".[10]

Examinado sosegadamente el recurso que nos ocupa, determinamos que la CASP erró al desestimar la reclamación instada por la Asociación de Maestros. Adelantamos que, el proceder adoptado por dicha agencia no sopesó las alternativas procesales existentes para evitar desestimar el caso presente. Veamos.

Surge del expediente ante nuestra consideración que, la CASP ordenó el cierre y archivo del caso núm. CA-19-011, por el incumplimiento de las órdenes notificadas el 9 de mayo y el 6 de

---

[10] Escrito en Cumplimiento de Orden, a la pág. 8.

agosto de 2025. Ante tales circunstancias, colegimos que la agencia incidió al activar el proceso de apercibimiento que le condujo a decretar la drástica sanción de la desestimación. Recordemos que, nuestro ordenamiento jurídico provee otras vías menos onerosas en aras de garantizar la dilucidación de las reclamaciones en sus méritos. A tales fines, existe el mecanismo de sanciones económicas directamente contra los abogados de la parte promovente, el cual el foro administrativo no aplicó.

Por tanto, en esa dirección, contemplamos que, una vez se identificó el incumplimiento de los referidos decretos por parte de la Asociación de Maestros, la CASP debió emitir una orden de mostrar causa por la cual no debía imponérsele una sanción económica a sus abogados. De tal proceder no rendir efecto positivo, correspondía sancionar económicamente a la representación legal, y notificar de modo directo a la parte recurrente sobre este particular. No obstante, de haberse continuado el incumplimiento, entonces procedía, considerar, en última instancia, la desestimación, siempre y cuando la Asociación de Maestros haya sido debidamente apercibida de las consecuencias derivadas del incumplimiento. **Sin embargo, tal procedimiento no se acató en el caso presente**.

En vista de ello, nos corresponde intervenir en el criterio adoptado por la CASP, pues no utilizó el mecanismo de sanciones económicas dirigidas a la representación legal de la parte recurrente, ni notificó directamente a la Asociación de Maestros respecto a las consecuencias que generaría el incumplimiento de las órdenes. Por ende, concluimos que la agencia erró al acoger, en primer lugar, la desestimación, pese a que nuestro estado de derecho contempla tal vía como último remedio, siempre y cuando la parte promovente haya sido debidamente notificada al respecto. En virtud de lo anterior, revocamos el dictamen recurrido a los

fines de que la parte recurrente pueda ventilar el caso en sus méritos, según lo garantiza el debido proceso de ley.

**IV.**

Por los fundamentos que anteceden, los que hacemos formar parte de este dictamen, revocamos la Resolución emitida por la Comisión del Servicio Público, y devolvemos el caso para la continuidad de procedimientos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones